UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY MICHELLE CLARIDY WALKER,

   Plaintiff,

v.

Case No. 3:23-cv-950-BJD-JBT

UNITED STATES OF AMERICA,

   Defendant.

**UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT REQUESTING RETURN OF PROPERTY**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), the United States moves to dismiss Walker's Motion Requesting the Return of Property (Complaint) (Doc. 1). The Court lacks subject matter jurisdiction to consider the merits of Walker's Complaint because the property at issue was administratively forfeited. Furthermore, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) provided Walker with notice of the forfeiture consistent with due process, and Walker has failed to plead sufficient facts alleging inadequate notice of forfeiture to state a claim for relief under section 983(e). In support of its motion, the United States provides the following memorandum of law.

**MEMORANDUM OF LAW**

**I.  PROCEDURAL HISTORY**

1. On August 14, 2023, the clerk opened this civil case by docketing Walker's *pro se* Motion Requesting the Return of Property, which was previously

filed in Walker's criminal case, case no. 3:21-cr-48-T-JC-PDB (Criminal Case), as a civil complaint. Doc. 1. In the Complaint, Walker alleges that she is entitled to the return of motor vehicles, jewelry, and accessories because she never signed the plea agreement, which included a consent to forfeiture. *Id.* at 1-2. ATF had seized the assets for forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), before the Criminal Case was commenced.

2. Walker pled guilty to Counts One and Four of her Superseding Indictment, without the benefit of a plea agreement, and was convicted and sentenced. Doc. 506, Criminal Case. Thereafter, the court entered a preliminary order of forfeiture, divesting Walker of any interest she held in the jewelry and accessories. Doc. 371, Criminal Case. Walker subsequently filed an appeal of her conviction and sentence.

3. ATF administratively forfeited the four vehicles on August 18, 2021.

4. Walker retained an attorney to file a reply to the United States' response to Walker's motion for return of property. Doc. 503. In that reply, Walker conceded that the pending appeal divests the district court of jurisdiction to return any item that is subject to the appeal (including the judicially forfeited jewelry and accessories). Doc. 503, Criminal Case, at 1-3. Consequently, this motion addresses only the Complaint's request for the return of the vehicles.

## II. LEGAL ARGUMENT

The United States moves to dismiss Walker's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction to review substantive challenges to a completed administrative forfeiture, and because Walker has failed to allege facts that would entitle her to relief under 18 U.S.C. § 983(e).

### A. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) permits a facial or a factual attack. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). With a "facial attack" of the complaint, a court simply evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint, and employs standards similar to those governing Rule 12(b)(6) review, where the allegations in the complaint are taken as true. *Id.* at 1529 (internal quotation and citation omitted). On the other hand, a "factual attack" of the complaint is a challenge to "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation and citation omitted). In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists. *OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002).

3

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec. Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

B.    Section 983

The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub.L. No. 106–185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, established procedures for most federal civil and non-judicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 21 U.S.C. § 881. In accordance with these governing procedures, following any seizure of property for administrative forfeiture, the government must provide notice by publication and written notice to parties that might have an interest in the subject property. *See* 18 U.S.C. § 983(a). A party may challenge the forfeiture by filing a claim within 35 days

of the mailing of the written notice. 18 U.S.C. § 983(a)(2)(B). The timely filing of a claim stops all administrative forfeiture proceedings, and the claim is transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within 90 days or return the seized property. 18 U.S.C. § 983(a)(1). However, if a party does not file a claim, the government shall enter a declaration of forfeiture, which has the same force as a "final decree and order of forfeiture, issued in a judicial proceeding." 19 U.S.C. § 1609(b); 28 C.F.R. § 8.12.

### C. Walker Cannot Challenge the Merits of the Administrative Forfeiture Under Section 983(e)

Section 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); *see also Mesa Valderrama v. United States*, 417 F.3d 1189, 1195-96 (11th Cir. 2005) (explaining that a motion to set aside forfeiture under 18 U.S.C. § 983(e) is the "exclusive remedy" to challenge an administrative forfeiture). However, under section 983(e), the district court lacks jurisdiction to review the merits of an administrative forfeiture determination. *See Mesa Valderrama*, 417 F.3d at 1196 (This Court has determined that it lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture determinations.").

Walker's argument that the administrative forfeiture is invalid because she never signed a plea agreement consenting to forfeiture is a substantive challenge to the administrative forfeiture. Because that argument is the sole basis for her

Complaint, the Court should dismiss it pursuant to Rule 12(b)(1) for lack of jurisdiction.

### D. Walker Has Failed To State A Claim For Relief Under Section 983(e)

Under section 983(e), "the court's review is limited to determining whether the agency followed the proper procedural safeguards" in forfeiting the property. *See Mesa Valderrama*, 417 F.3d at 1196 (internal quotations omitted). Thus, a movant may only obtain relief under section 983(e) if they can demonstrate that they did not receive adequate notice to challenge the administrative forfeiture proceeding. *Id.*

Section 983 allows any person entitled to written notice in an administrative forfeiture proceeding who did not receive such notice to set aside a declaration of forfeiture if the person can prove: 1) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and 2) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1)(A); *see also Mesa Valderrama*, 417 F.3d at 1195. The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mesa Valderrama*, 417 F.3d at 1996-97 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (internal quotations omitted)). Reasonable notice requires only that the United States ***attempt*** to provide actual notice; it does not require that the

United States demonstrate that it was successful in providing actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Mesa Valderrama*, 417 F.3d at 1197 (*citing Dusenbery v. United States*, 534 U.S. 161, 170 (2002)).

Here, Walker has failed to set forth any legal or factual basis to sustain a valid claim upon which relief could be granted under section 983(e). Fed. R. Civ. P. 12(b)(6). Walker's Complaint simply alleges that she is entitled to the return of her property because she never signed the plea agreement, rendering the forfeiture invalid. Doc. 1 at 1-2. She alleges no facts to suggest that the government failed to provide adequate notice of the administrative forfeiture or that she lacked actual notice of the administrative forfeiture. In her reply brief in the Criminal Case, Walker alleged that she did not receive notice of the administrative forfeiture. *See* Doc. 503 at 3. Indeed, Walker indicated she would provide an affidavit to the Court "swearing that she did not receive notice of the administrative forfeiture proceedings." *Id.* However, Walker has failed to provide such an affidavit or to amend the Complaint to include such a claim.

The government maintains that it provided the notice required under § 983(a)[1] and took steps that were reasonably calculated to notify Walker of the forfeiture proceedings. However, absent a valid challenge to the adequacy of the notice, it need not defend itself.

---

[1] In addition to providing direct written notice, ATF published notice of forfeiture on the official government website, www.forfeiture.gov, from May 10, 2021 through June 8, 2021.

## III. CONCLUSION

For the forgoing reasons, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the United States respectfully requests that the Court grant its motion and dismiss Walker's Complaint, without prejudice, for lack of subject matter jurisdiction and failure to state a claim.

                                        Respectfully Submitted,

                                        ROGER B. HANDBERG
                                        United States Attorney

By:     *s/Mai Tran*
           MAI TRAN
           Assistant United States Attorney
           Florida Bar No. 100982
           300 N. Hogan Street, Suite 700
           Jacksonville, Florida 32202
           Telephone: (904) 301-6300
           Facsimile: (904) 301-6310
           E-Mail: mai.tran2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

Kimberly Michelle Claridy Walker
39584-509
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32301

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney