UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY MICHELE CLARIDY
WALKER,

    Plaintiff,

v.                                                    Case No. 3:23-cv-950-TJC-PDB

UNITED STATES OF AMERICA,

    Defendant.

## O R D E R

This case is before the Court on Defendant United States' Motion for Summary Judgment (Doc. 35).

### I. BACKGROUND AND PROCEDURAL HISTORY

On April 13, 2021, Plaintiff Kimberly Michele Claridy Walker was arrested and charged with conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846. (Doc. 35 ¶¶ 1–2). That same day, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) seized, among other items, four vehicles: (1) a 2015 BMW 5501, VIN WBAKN9C58FD960901; (2) a 2015 Lexus IS 250, VIN JTHBF1D2XF5052478; (3) a 2013 Audi ASL Quattro, VIN WAURGAFD7DN001297; and (4) a 2020 Ryker Rally Edition motorcycle, VIN 3JB2GEG25LJ000932. Id. ¶ 2; id. at 1.

From April 13, 2021 to March 22, 2023, Walker was detained at the Bradford County Jail in Starke, Florida. Id. ¶ 3. Pursuant to 18 U.S.C. § 983 and 19 U.S.C. §§ 1602–1621, on June 8, 2021, ATF sent Walker written notices of the seizure and initiation of administrative forfeiture proceedings of the vehicles via FedEx to a Jacksonville address attributed to Walker, and to the jail's P.O. box via certified mail. (Doc. 35 ¶¶ 4–5; Doc. 35-1 at 6–9, 12–15). The notice was delivered and signed for at the Jacksonville address on June 10, 2021, and delivered to the jail's P.O. box on June 15, 2021. (Doc. 35 ¶¶ 4–5; Doc. 35-1 at 4–5,10–11). The notice was also published on the official government website, www.forfeiture.gov, from May 10, 2021 through June 8, 2021. (Doc. 35 at 16). On August 18, 2021, after not receiving any properly executed claim and after the time limit to file a claim expired, ATF administratively forfeited the property to the United States.[1] Id. ¶ 6.

At Walker's criminal change of plea hearing on February 23, 2022, Walker admitted to the Government's Notice of Maximum Penalty, Elements of Offense, Personalization of Elements, and Factual Basis (Doc. 277, Case No. 3:21-cr-48) which included forfeiture of the vehicles. (Doc. 477 at 22–23, Case No. 3:21-cr-48) (transcript of change of plea hearing). Nevertheless, Walker

---

[1] According to Plaintiff's Amended Complaint, the Government notified the Court that ATF completed the administrative forfeiture of the vehicles on February 25, 2022. (Doc. 32 ¶ 7; Doc. 281, Case No. 3:21-cr-48).

2

later filed a pro se motion requesting the return of her property, including the seized vehicles. (Doc. 490, Case No. 3:21-cr-48). The Magistrate Judge denied Walker's motion without prejudice for lack of jurisdiction, and under 18 U.S.C. § 983, the motion was transferred to a new civil case—this one—on August 10, 2023. (Doc. 509, Case No. 3:21-cr-48).

With leave from the Court, Walker subsequently filed an amended complaint on March 31, 2024. (Doc. 32). The amended complaint contains only one count: a motion to set aside forfeiture under 18 U.S.C. § 983(e)(1). Walker alleges (1) she did not receive actual written notice of the Government's intent to forfeit the vehicles, (2) that the Government knew or reasonably should have known of her interest in the vehicles and failed to take reasonable steps to provide her with notice of the Government's intent to forfeit the vehicles, and (3) she did not know or have reason to know of the seizure of the vehicles within sufficient time to file a timely claim. (Doc. 32 ¶¶ 10–12).

To support its motion for summary judgment, the Government provides declarations of the Division Operations Officer for the Asset Forfeiture Division of the ATF (Doc. 35-1 at 1–3) and Administrative Lieutenant for the Bradford County Sheriff's Office, Corrections Division (Doc. 35-2),[2] a FedEx proof-of-

---

[2] The Government submitted two declarations from the lieutenant: one in its motion for summary judgment, and a supplemental declaration in its reply to Walker's response to the motion for summary judgment, which includes copies of the Inmate Mail Policy, Inmate Rules, and Issued Property Report.

3

delivery and shipping label to the Jacksonville address signed for by a "B. Williams" (Doc. 35-1 at 4–5), a USPS tracking confirmation page of the certified mail to the jail's P.O. box (id. at 10–11), the notices of seizure and initiation of administrative forfeiture proceedings that were mailed in each of the FedEx and USPS deliveries (id. at 6–9, 12–15), and declarations of the administrative forfeiture of the vehicles (along with other seized items not in dispute) (id. at 16–18).

## II.  DISCUSSION

### a. Legal Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Summary judgment is appropriate when no genuine dispute of material fact exists, and a party is entitled to judgment as a matter of law. Guevara v. Lafise Corp., 127 F.4th 824, 828–29 (11th Cir. 2025) (citing Sutton v. Wal-Mart Stores E., LP, 64 F.4th 1166, 1168 (11th Cir. 2023). "[M]ere existence of some alleged factual dispute between

---

See (Doc. 35-2; Doc. 37-1). The Court rejects Walker's Best Evidence Rule argument (Doc. 36 at 4) but, in an abundance of caution, does not rely on any evidence provided in the Government's reply (including the written mail policy itself) (Doc. 37). Rather, the Court relies on the lieutenant's first declaration and the statements related to the mail rules at the Bradford County Jail. Any references to the lieutenant's declaration throughout this Order are references to the lieutenant's declaration attached to the motion for summary judgment.

4

the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A dispute of fact is genuine if a reasonable jury could return a verdict for the non-moving party. Guevara, 127 F.4th at 829 (citing Baxter v. Roberts, 54 F.4th 1241, 1253 (11th Cir. 2022)). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.

While Walker, as the movant under 18 U.S.C. § 983(e)(1), bears the burden to show that the Government failed to take reasonable steps to provide her notice, the Government's motion for summary judgment is before the Court; thus, the Government must show the absence of a genuine material fact in dispute. See 18 U.S.C. § 983(e)(1); Dusenbery v. United States, 534 U.S. 161, 168 (2002) ("The Government here carried its burden of showing the following procedures had been used to give notice.").

### b. Analysis

Walker brings this suit under the Civil Asset Forfeiture Reform Act of 2000. (Doc. 32).[3] Under this statute,

> any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not

---

[3] With respect to subject matter jurisdiction, the Court's review "is limited to determining whether the agency followed the proper procedural safeguards" in forfeiting Walker's property. See Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).

5

>receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-- **the Government knew, or reasonably should have known, of the moving party's interest** and **failed to take reasonable steps to provide such party with notice;** and **the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim**.

18 U.S.C. § 983(e)(1) (emphasis added).

While Walker's amended complaint alleges that the Government failed to satisfy the statutory requirements in their entirety, discussed supra, the Government argues it took reasonable steps to provide Walker with notice because (1) it mailed the notice via certified mail to the P.O. box of Walker's place of incarceration (which was delivered) (Doc. 35 at 15–19) and (2) the jail's procedures for delivering mail were reasonably calculated to notify Walker (id. at 19–21). Walker argues that the Government's actions were not reasonably calculated to give notice; therefore, the Court should either deny the motion for summary judgment and grant judgment in Walker's favor or permit the case to proceed on the regular case management track to develop evidence to support her case. See generally (Doc. 36).

The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the United States and the States from depriving any person of property without "due process of law." Dusenbery, 534 U.S. at 167. Individuals whose property interests are at stake are entitled to "notice and an opportunity to be

heard." Id. (citing United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)). The Supreme Court reiterated in Dusenbery that to pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 534 U.S. at 167–68 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

The record shows the steps the Government took to provide Walker with notice. The ATF officer, who supervised forfeiture activities within the agency during the period of the vehicles' seizure and forfeiture, states in her declaration that the notices were delivered to Walker via certified mail at the jail's P.O. box, via FedEx to her home, and published online. (Doc. 35-1 ¶¶ 6–7).

The Bradford County Jail lieutenant's declaration states she is familiar with the practices and procedures used in distributing mail to inmates in June 2021, and this knowledge comes from training and job experience. (Doc. 35-2 ¶ 3). Per the lieutenant, the jail staff regularly collected mail from the jail's P.O. box and would distribute inmate mail that passed inspection, processing mail "without unnecessary delay." Id. ¶¶ 16–18.[4]

---

[4] The lieutenant's declaration states that jail staff picked up the mail from the jail's P.O. box Monday through Saturday, and mail was delivered to the inmates Monday through Saturday, except for holidays when the post office was closed. (Doc. 35-2 ¶ 16–17). The Court notes Walker's contention that the mail was not picked up as frequently as stated in the motion for summary judgment. However, there is no genuine dispute that the notice via certified mail was

7

While other types of mail needed to comply with specific requirements (id. ¶¶ 6–7), because ATF is a government agency and the notice included a return address from ATF, the notice sent via certified mail would have been treated as legal and privileged mail. Id. ¶ 23. Such mail was to be delivered to the inmate unopened and uninspected unless there was suspicion that it contained contraband or did not fit the criteria for legal and privileged mail. Id. ¶ 8. If there was any doubt as to the legitimacy of the return address, that information was verified. Id. ¶ 9. If contraband was suspected, the policy required that mail be opened in the inmate's presence and inspected, but not read, beyond checking the letterhead and signature. Id. The lieutenant's declaration also states that while there were no records of incoming mail to the jail in June 2021 specifically, Walker's file has no records indicating that any mail was returned, confiscated, reported for suspected contraband or for a need to inspect privileged mail, or not accepted by Walker. Id. ¶¶ 22, 24.

Even putting the delivery to Walker's residence and the Government's affirmation of the published notices online aside, when considering that the notice sent via certified mail was confirmed as being successfully delivered to the mailing address of the jail (the place Walker was actually located) where there were policies in place to see that she received it, the Government took the

---

delivered to the jail's P.O. box on June 15, 2021 and the vehicles were not forfeited until August 18, 2021.

8

necessary reasonable steps to provide Walker with notice in accordance with due process.

Walker argues that the Government failed to show that she received actual notice. But actual notice is not the standard. See Jones v. Flowers, 547 U.S. 220, 226 (2006) ("Due Process does not require that a property owner receive actual notice before the Government may take his property.") (citing Dusenbery, 534 U.S. at 170). While there were other alternatives to notify Walker of the seizure and forfeiture proceedings—including, as suggested by Walker, providing supplemental notice to her criminal attorneys—the Government is not required to make "heroic efforts." Dusenbery, 534 U.S. at 170. The Government's steps to notify Walker of the proposed forfeitures were constitutionally adequate; the Government's actions were reasonably calculated to notify Walker of the seizures and forfeiture proceedings. The Government is entitled to judgment as a matter of law.

Accordingly, it is hereby

**ORDERED**

Defendant United States' Motion for Summary Judgment (Doc. 35) is **GRANTED**. The Clerk shall enter final judgment in favor of the United States and against the Plaintiff, and is **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, the 10th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record